**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CLAYTON CALVIN GRIFFIN, JR.,

   Petitioner,

   v.

RICKY FOXWELL, *Warden*, and
BRIAN E. FROSH,
*The Attorney General of
the State of Maryland*,

   Respondents.

Civil Action No. TDC-17-2225

**MEMORANDUM OPINION**

    Petitioner Clayton Calvin Griffin, Jr., an inmate at the Eastern Correctional Institution in Westover, Maryland, has filed a self-represented Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Griffin challenges the validity of his conviction after a jury trial in the Circuit Court for Charles County, Maryland on charges of sexual solicitation of a minor, sexual child abuse, incest, and third-degree sex offense. Respondents have filed an Answer. Upon review of the submitted materials, the Court finds that no hearing is necessary. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"); D. Md. Local R. 105.6. For the reasons set forth below, the Petition will be DISMISSED and DENIED.

**BACKGROUND**

    On December 16, 2011, Griffin was indicted in the Circuit Court for Charles County ("the Circuit Court") on charges of sexual child abuse and related counts arising from encounters with his stepdaughter that took place from July 1, 2010 to November 5, 2011. On May 16, 2012, a jury

convicted Griffin of sexual solicitation of a minor, sexual child abuse, incest, and third-degree sex offense, for which he received a total sentence of 55 years of imprisonment.

On direct appeal to the Court of Special Appeals of Maryland, Griffin argued that:  (1) the trial court erred by admitting into evidence a portion of the victim's diary; (2) the trial court erred by declining to sever Griffin's solicitation charge from the remaining counts; (3) the trial court erred in giving the jury a destruction of evidence instruction; (4) the trial court erred by asking a "CSI-type" voir dire question to prospective jurors; and (5) Griffin's sentences for third-degree sex offense and incest should have been merged.  *See Griffin v. State*, No. 1099, Sept. Term 2012, slip op. at 1-2 (Md. Ct. Spec. App. Aug. 7, 2014) ("Direct Appeal Op."), Ans. Ex. 8, ECF No. 5-8.  On August 7, 2014, the Court of Special Appeals affirmed Griffin's convictions.

In a timely petition for a writ of certiorari to the Court of Appeals of Maryland, Griffin argued that his consecutive sentences for third-degree sex offense and incest should have been merged and that his trial counsel should have raised the issue of merger during trial in order to preserve the argument for appeal.  On November 20, 2014, the Court of Appeals denied Griffin's petition.  *Griffin v. State*, 103 A.3d 594 (Table) (Md. 2014).

On July 1, 2015, Griffin filed a petition for post-conviction relief pursuant to the Maryland Uniform Postconviction Procedure Act, Md. Code Ann., Crim. Proc. §§ 7-101 to 7-301 (LexisNexis 2018), raising several issues.  At the October 3, 2016 hearing on the petition, however, Griffin confirmed that he wished to proceed only on one issue, whether trial counsel rendered ineffective assistance by failing to preserve for appellate review the objection to the trial court's CSI-type voir dire question.  *See State v. Griffin*, No. K-11-1247 at 2 n.2 (Cir. Ct. Charles Cty. Dec. 7, 2016) ("State Post-Conviction Op."), Ans. Ex. 11, ECF No. 5-11.  On December 7, 2016, the Circuit Court denied Griffin's petition. The Court of Special Appeals summarily denied

Griffin's application for leave to appeal the ruling on May 1, 2017, with the mandate issuing on May 31, 2017.

## DISCUSSION

On July 27, 2017, Griffin timely filed the present Petition in this Court asserting three arguments for relief. First, Griffin claims that the trial court erred when it instructed the jury on destruction of evidence. Second, he contends that the trial court erred by admitting the victim's diary entry into evidence. Third, he asserts that his trial counsel was ineffective for failing to properly object to a CSI-type voir dire question. In their Answer, Respondents argue that that Griffin's first and second claims were procedurally defaulted and that all three arguments lack merit. Griffin has not filed a Reply.

**I.     Legal Standard**

A federal petition for a writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a) (2018). The federal habeas statute sets forth a highly deferential standard for evaluating state court rulings, under which state court decisions are to "be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005); *see Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997). A federal court may not grant a writ of habeas corpus unless the state court's adjudication on the merits (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). "[A] a federal habeas court may not issue the writ simply because [it] concludes in its independent judgment that the relevant state-court decision applied established federal law erroneously or incorrectly." *Renico v. Lett*, 559 U.S 766, 773 (2010) (quoting *Williams v. Taylor*,

529 U.S. 362, 411 (2000)).  The state court's application of federal law must be "objectively unreasonable."  *Id.* (quoting *Williams*, 529 U.S. at 409).  Furthermore, under § 2254(d)(2), "a state court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."  *Wood v. Allen*, 558 U.S. 290, 301 (2010) (citation omitted).  The fact that "reasonable minds reviewing the record might disagree about the finding in question" is not enough to deem a state court's factual determination unreasonable.  *Id.*

## II. Procedural Default

As a threshold matter, Respondents argue that Griffin is procedurally barred from presenting two of his claims because he did not exhaust them in state court and no longer has the right to do so.  A petitioner seeking habeas relief in federal court generally must exhaust the remedies available in state court.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim.  *See* 28 U.S.C. § 2254(c).  For a person convicted of a criminal offense in Maryland, exhaustion may be accomplished either on direct appeal or in post-conviction proceedings.  To exhaust a claim on direct appeal in non-capital cases, a defendant must assert the claim in an appeal to the Court of Special Appeals of Maryland and then to the Court of Appeals of Maryland by way of a petition for a writ of certiorari.  *See* Md. Code Ann., Cts. & Jud. Proc. §§ 12-201, 12-301 (LexisNexis 2013).  To exhaust a claim through post-conviction proceedings, a defendant must assert the claim in a petition filed in the Circuit Court in which the inmate was convicted within 10 years of the date of sentencing.  *See* Md. Code Ann., Crim. Proc. §§ 7-101 to 7-103.  After a decision on a post-conviction petition, further review is available through an application for leave to appeal filed with the Court of Special Appeals.  *Id.* § 7-109.  If the Court of Special Appeals denies the application, there is no further review available

and the claim is exhausted. Md. Code Ann., Cts. & Jud. Proc. § 12-202. Here, Griffin presented his claims relating to the jury instruction on the destruction of evidence and the admission into evidence of the victim's diary on direct appeal to the Court of Special Appeals, but he did not assert them in his petition for a writ of certiorari to the Court of Appeals of Maryland. He also failed to pursue these claims in his state petition for post-conviction relief. Thus, Griffin failed to exhaust available state remedies relating to these claims. *See Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (declining to review a claim not raised in a petition for a writ of certiorari to the relevant state Supreme Court); *Williams v. Steiner*, 213 F. Supp. 600, 602 (D. Md. 1963) (finding that the petitioner failed to exhaust state remedies because he "did not raise the question in his post conviction proceeding").

When a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether by failing to raise the claim on direct appeal or in post-conviction proceedings, or by failing to timely note an appeal, the procedural default doctrine applies. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991) (failure to note a timely appeal); *Murray v. Carrier*, 477 U.S. 478, 489-91 (1986) (failure to raise a claim on direct appeal); *Murch v. Mottram*, 409 U.S. 41, 46 (1972) (per curiam) (failure to raise a claim during post-conviction proceedings). As relevant here, a procedural default occurs when a habeas petitioner fails to exhaust such available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (quoting *Coleman*, 501 U.S. at 735 n.1). At this point, the deadline to file a petition for a writ of certiorari in the Maryland Court of Appeals has long since passed, *see* Md. Rule 8-302, and Griffin may not file a second and successive state petition for post-conviction relief, *see* Md. Code Ann., Crim. Proc. § 7-103(a). His claims relating to the

destruction of evidence jury instruction and the admission of the diary evidence are therefore procedurally defaulted.

If a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits; or (2) that the failure to consider the claim on the merits would result in a miscarriage of justice, specifically, the conviction of one who is actually innocent. *See Murray*, 477 U.S. at 495-96; *Breard*, 134 F.3d at 620. "Cause" consists of "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in state court at the appropriate time." *Breard*, 134 F.3d at 620 (quoting *Murray*, 477 U.S. at 488). To demonstrate prejudice, the petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982); *see Murray*, 477 U.S. at 494. As to the second exception, under which a petitioner may obtain review of procedurally defaulted claims if the case "falls within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice,'" *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)), such cases are generally limited to those for which the petitioner can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent," *Murray*, 477 U.S. at 496.

Neither exception to the procedural default bar applies. As to cause and prejudice, nothing in the record suggests that Griffin's procedural default was due to external circumstances. Griffin also presents no new evidence to support his claim of innocence. Where Griffin has provided no basis for excusing his procedural default, his claims of trial court error relating to the destruction of evidence jury instruction and the admission of the diary evidence are not properly before this

Court and will be dismissed. In the alternative, as discussed below, even if they were not procedurally defaulted, these claims also fail on the merits.

### III. Destruction of Evidence

Griffin argues that the trial court erred when it gave a jury instruction on the destruction of evidence. The instruction related to the alleged destruction of text messages sent by Griffin to the victim, his stepdaughter. The text messages were found on the victim's cell phone and included a text in which Griffin wrote to her, "hello sexy." 5/15/12 Trial Tr. at 186, Ans. Ex. 3, ECF No. 5-3. In other messages, including some sent in the presence of an investigating detective, she expressed concern that she may be pregnant and asked him if he had worn a condom when they had sex. In his testimony, Griffin acknowledged that he sent the text messages and that he told her to erase them. When law enforcement seized Griffin's cell phone, which had the same phone number as the one from which Griffin sent texts to the victim, the texts were no longer present on that phone. The Government argued that this evidence supported the inference that Griffin had deleted the text messages to destroy evidence and thus constituted evidence of consciousness of guilt.

Based on this evidence, the trial court gave the following instruction:

You have heard that the Defendant destroyed evidence in this case. Destruction of evidence is not enough by itself to establish guilt but may be considered as the evidence of guilt. Destruction of evidence may be motivated by a variety of factors some of which are fully consistent with innocence. You must decide first whether the Defendant destroyed the evidence in this case. If you find that the Defendant destroyed evidence in this case then you must decide whether that conduct shows a consciousness of guilt.

5/16/12 Trial Tr. at 15, Ans. Ex. 4, ECF No. 5-4.

At trial, defense counsel objected to the instruction on the grounds that the evidence was limited to the fact that Griffin and the victim had engaged in texting, there was no evidence that

7

his cell phone automatically saved text messages, there was no direct evidence that he destroyed text messages, and Griffin had stated that he was having trouble with his phone. Griffin now argues that the instruction violated due process because the trial court did not identify for the jury the specific evidence that was supposedly destroyed, and there was insufficient evidence that he had actually destroyed the text messages at issue. For a jury instruction to violate due process, the question is whether there is a "reasonable likelihood that the jury applied the challenged instruction in a way that violates the Constitution." *Middleton v. McNeil*, 541 U.S. 433, 437 (2004) (quoting *Estelle v. McGuire*, 502 U.S. 62, 72 (1991)). Viewed in the context of the overall charge, it must have "so infected the entire trial that the resulting conviction violates due process." *Id.*

Under Maryland law, "[a] person's behavior after the commission of a crime may be admissible as circumstantial evidence from which guilt may be inferred." *Thomas v. State*, 812 A.3d 1050, 1055 (Md. 2002). Such "consciousness of guilt" may be established by circumstantial evidence, including evidence of "destruction or concealment of evidence." *Id.* Evidence of consciousness of guilt is admissible if it supports the inferences that the relevant conduct exhibited consciousness of guilt, that the consciousness of guilt related to the crime charged, and that actual guilt could be inferred from such consciousness of guilt. *See id.* at 1056. Federal law also permits evidence of, and instructions relating to, consciousness of guilt. *See, e.g.*, *United States v. Jeffers*, 570 F.3d 557, 568-69 (4th Cir. 2009) (upholding a jury instruction stating that the jury could infer consciousness of guilt from the defendant's concealment of his identity); *United States v. McDougald*, 650 F.2d 532, 533 (4th Cir. 1981) (recognizing that jury instructions regarding evidence of a defendant's consciousness of guilt have "long been accepted" by federal courts (citing Wilson v. United States, 162 U.S. 613, 620-21 (1896)).

In holding on direct appeal that the trial court neither erred nor abused its discretion by instructing the jury on the destruction of evidence, the Court of Special Appeals properly relied on *Thomas* and found that the evidence was "sufficient to warrant the trial court giving the destruction of evidence instruction" based on the evidence that Griffin and the victim had exchanged text messages, including when the victim was with a detective; the victim kept the messages, which were offered in evidence; when Griffin was arrested, the police seized his cell phone and verified that it was the same cell phone used to text the victim; and the police found that the text messages were not stored in cell phone such that it "appeared that they had been deleted." Direct Appeal Op. at 30. Moreover, the evidence established that Griffin twice urged the victim to delete the messages from her cell phone. The court reasoned that even without direct evidence of deletion, "the jury could infer from the record that [Griffin] deleted the text messages, that this action suggested a consciousness of guilt related to the sexual abuse of [the victim], and that he was conscious of his actual guilt." *Id.* at 31. The court further concluded that although Griffin provided an innocent explanation, that "his cell phone may have been malfunctioning and he may have contacted the tech department of his cell phone service provider," it did not invalidate the instruction because "[i]t was for the jury to either accept or reject, based on the evidence before it, an inference or consciousness of guilt." *Id.*

On habeas review, the Court finds that the Court of Special Appeals correctly applied Maryland law on consciousness of guilt and found that the instruction permitted the jury to decide whether Griffin destroyed evidence and, if so, whether such conduct showed a consciousness of guilt as to the charged offenses. Under these circumstances, Griffin has not identified any violation of federal due process rights arising from its determination. Accordingly, the Court cannot find that the state court's determination "resulted in a decision that was contrary to, or involved an

unreasonable application of clearly established Federal law" or "resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  The Petition will be denied as to this argument.

## IV.     The Diary Evidence

Griffin also claims that the trial court violated due process by admitting into evidence the victim's diary entry, which the victim testified was written in 2010, in which she complained about Griffin's sexual abuse but noted that she was not telling her mother because she was afraid that her mother would think it was the victim's fault.  The trial court admitted the account as a prior consistent statement because the victim testified at trial that Griffin abused her sexually and was then challenged on cross examination, and the diary entries were written before any police investigation and thus before there was a motive to fabricate.  The Government sought its admission in particular because in 2011, the victim had written a letter recanting one of her accusations.  Defense counsel objected to the admission of the diary evidence because he had not offered any evidence of prior inconsistent statements.  Griffin now argues that the admission of the prior consistent statement violated due process because there was no corroborating evidence to show that the diary entry was written before the victim "had a motive to fabricate her story," and it was the prosecution, not the defense that elicited her prior recantation. Pet. at 14, ECF No. 1.

For a claim of relief presented under § 2254 to be cognizable for review, the petitioner must assert a violation of federal law.  *See Wilson v. Corcoran*, 562 U.S. 1, 1 (2010) ("Federal courts may not issue writs of habeas corpus to state prisoners whose confinement does not violate federal law."); *see also Young v. Warden, Md. Penitentiary*, 383 F. Supp. 986, 1009 (D. Md. 1974) ("It is axiomatic that only the violation or denial of some federal constitutional right, and not

10

alleged errors in the interpretation or application of state law, can be the basis for federal habeas corpus relief."), *aff'd*, 532 F.2d 753 (4th Cir. 1976). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citations omitted). A violation of a state law which does not infringe upon a specific constitutional right is cognizable in federal habeas corpus proceedings only if it amounts to a "fundamental defect which inherently results in a complete miscarriage of justice." *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). If a claim "rests solely upon an interpretation of [state] case law and statutes, it is simply not cognizable on federal habeas review." *Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998).

      Here, admission of the diary evidence was a matter of state law and procedure. As the Court of Special Appeals noted, the "[a]dmissibility of prior consistent statements in Maryland is controlled by Maryland Rules of Evidence 5-802.1 and 5-616." Direct Appeal Op. at 14 (quoting *Thomas v. State*, 32 A.3d 503, 508 n.1 (Md. Ct. Spec. App. 2011)). Indeed, whether evidence was incorrectly admitted at a state trial typically "is no part of a federal court's habeas review of a state conviction." *Estelle*, 502 U.S. at 67 (criticizing the consideration on habeas review of a claim that evidence was admitted in violation of California law that was framed as an alleged due process violation). Although Griffin references due process rights in his Petition, he did not invoke due process or other federal rights on direct appeal of the admission of the diary entry, and in denying that claim, the Court of Special Appeals relied entirely on state rules of evidence and state case law. Direct Appeal Op. at 5-18. Under these circumstances, the Court finds that the claim relating to the diary evidence does not raise a cognizable claim for relief through a federal habeas petition.

11

*See Spencer v. Murray*, 18 F.3d 237, 239 n.5 (4th Cir. 1994) (stating that a district court does not entertain a claim for federal habeas relief where no federal constitutional claim on the issue was presented on direct appeal to the state's highest court).

Even if the Court considers the argument relating to the diary evidence as a due process claim, Griffin offers no persuasive basis to establish that admission of the prior consistent statement violated due process of law. *See Clayton v. Haynes*, 517 F.2d 577, 578-79 (4th Cir. 1975) (stating that where the petition has the burden to establish a constitutional violation, it was error for the district court to grant relief based upon nothing more than allegations in the petition). Indeed, based on a review of the record, the Court of Special Appeals' conclusion on direct appeal that the trial court properly admitted the diary entry as a prior consistent statement was not an unreasonable application of the law. *See* 28 U.S.C. § 2254(d). As the Court of Special Appeals noted, the victim's diary entry was admissible both because the victim's credibility had been challenged on cross examination such that it would "detract[] from the impeachment" pursuant to Md. Rule 5-616(c)(2) and *Holmes v. State*, 712 A.2d 554, 561 (Md. 1998), even without the introduction of a specific prior inconsistent statement, and as anticipatory rehabilitative evidence under *Fulbright v. State*, 895 A.2d 1088, 1096 (Md. Ct. Spec. App. 2006), after defense counsel referred to her prior recantations in his opening statement. Direct Appeal Op. at 14-18. Accordingly, Griffin's due process rights were not violated by the admission of such evidence. *See Estelle*, 502 U.S. at 70 (holding that the admission of irrelevant evidence in a criminal trial did not violate the Due Process Clause); *Spencer v. Texas*, 385 U.S. 554, 564 (1967) (finding that the admission at trial of prior convictions under Texas law did not violate due process rights). The Petition will be denied as to this argument.

## V.     The CSI Question

Griffin's final allegation is that his trial counsel was ineffective in failing to preserve for appellate review an objection to the trial court's CSI-type voir dire question. This claim was presented to the Circuit Court in the state petition for post-conviction relief and was denied on the merits.

A petitioner alleging ineffective assistance of counsel must meet the two-part standard set by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, the petitioner must show that counsel's performance was deficient in that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.  Second, the petitioner must show that the deficient performance prejudiced the defense in that counsel's errors "were so serious as to deprive the defendant of a fair trial" whose result was reliable.  *Id.*  To establish such prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  A "reasonable probability" is one "sufficient to undermine confidence in the outcome." *Id.*

During jury selection, the Court asked the following voir dire question ("the CSI Question"):

> [T]elevision shows such as CSI, Crossing Jordan and some of the like are fiction. They are not true. Many of the scientific methods used in those kinds of television shows are exaggerated or do not even exist. If you are selected as a juror in this case you will be required to base your decisions solely on the evidence presented in court. Would any potential juror be unable to ignore the so called crime dramas they have been seeing on television, the movies and the internet or such, in putting aside, that is aside and making your decision only on the evidence that you hear in the court and through some expectation of something that you've seen through the media or television. Is there anyone who would be so persuaded by such a show that they would not be able to judge this case fairly and impartially?

13

5/14/12 Trial Tr. at 58, Ans. Ex. 2, ECF No. 5-2.  No members of the venire answered the question affirmatively.

Before the question was asked, trial counsel objected to it and "note[d] my objection for the record for appeal purposes." *Id.* at 1.  After voir dire was completed, but before the jury was selected, the trial court asked counsel to approach and had the following exchange:

> THE COURT:  I'm going to note your objection to my giving what was couched as the neutral CSI instruction that was approved in the Court of Special Appeals case of Mark Charles Morris, any other questions that you wish, that you object to that I gave or anything additional you'd like me to give.
>
> DEFENDANT'S ATTORNEY:  No, I'll just note the objection for the record with respect to that CSI instruction.

*Id.* at 61.  After the final jury was selected, defense counsel stated that he was "satisfied" with the panel seated.  *Id.* at 68.  Counsel did not qualify his response or renew the previous objection to the CSI Question.  For this reason, on direct appeal, the Court of Special Appeals found that defense counsel's challenge to the voir dire question had not been preserved.  Direct Appeal Op. at 31-32.

In the state post-conviction proceedings, Griffin claimed that trial counsel rendered ineffective assistance in failing to preserve the objection.  Relying on state case law, Griffin argued that an overruled objection to a voir dire question directed to the composition of the jury is waived when the objecting party accepts the jury without qualification.  In denying the petition, the state post-conviction court held that even if trial counsel's performance was deficient under *Strickland*, Griffin suffered no prejudice and was thus not entitled to relief.  Griffin had argued that the CSI Question was reversible error based on *Charles v. State*, 997 A.2d 154 (Md. 2010), in which the court held that a CSI-type voir dire question asking "if you are currently of the opinion or belief that you cannot convict a defendant without 'scientific evidence'" was reversible error because it

14

suggested that convicting the defendants "was the only option in the present case." *Id.* at 157, 162. The state post-conviction court, however, correctly noted that the CSI Question "merely sought to ascertain whether the prospective jurors could be fair and impartial and did not "invade the province of the jury or alter the burden of proof." State Post-Conviction Op. at 6. The question did not refer to convicting the defendant but instead asked only whether as a result of the depictions of scientific evidence in shows such as CSI, a potential juror "would not be able to judge this case fairly and impartially." *Id.* The state post-conviction court reasoned that this question whether the prospective jurors could be fair and impartial in deciding the case based solely on the evidence presented in court was appropriate and addressed the very purpose of voir dire.

Beyond *Charles*, Griffin argued only that the CSI Question was improper under Maryland cases that found that jury instructions were improper when they stated that "there is no legal requirement that the State utilize any specific investigative technique or scientific test to prove its case." *See, e.g.*, *Robinson v. State*, 84 A.3d 69, 81 (Md. 2014). Here, however, the voir dire question included no such language and in any event was not a jury instruction. Accordingly, there is no prejudice because there is no reasonable probability that, but for the failure to preserve the voir dire objection, the result of the proceeding would have been different. *See Strickland*, 466 U.S at 694.

Finally, the Court notes that Griffin identifies no federal law violated by the CSI Question. On habeas review, this Court may not grant the Petition on this basis unless it finds that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Federal courts generally have permitted jury instructions stating that the Government need not use

15

any particular law enforcement techniques. *See, e.g.*, *United States v. Mason*, 954 F.2d 219, 222 (4th Cir. 1992); *see also* Leonard B. Sand *et al.*, Modern Federal Jury Instructions-Criminal ¶ 4.01 (2019) (providing a model instruction on "Specific Investigation Techniques Not Required"); They also have permitted on voir dire consideration of the impact of depictions of scientific evidence on television shows such as CSI. *See, e.g., United States v. Farhane*, 634 F.3d 127, 157-58 (2d Cir. 2011); *United States v. Hendrix*, 509 F.3d 362, 367-72 (7th Cir. 2007); *United States v. Jefferson*, 432 F. App'x 382, 388 (5th Cir. 2011). On this record, the Court concludes that the state post-conviction court's decision was not based on an unreasonable application of federal law, that it was based on a reasonable determination of the facts, and that it correctly and reasonably applied the *Strickland* standard to those facts.

Because Griffin has not met his burden of establishing that the state post-conviction court's application of *Strickland* was unreasonable, this Court will deny the Petition on the issue of ineffective assistance of counsel arising from the failure to preserve the objection to the CSI Question.

## VI.  Certificate of Appealability

Section 2254 Rule 11(a) provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2254 petition. Because the accompanying Order is a final order adverse to the applicant, Griffin must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(1).

When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "jurists of reason could disagree with the district court's resolution of [the] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quoting

*Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). When a petition is denied on procedural grounds, the petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473,484 (2000).

Griffin's claims are denied and dismissed on both procedural grounds and the merits. Upon review of the record, the Court finds that Griffin has not made the requisite showing under the applicable standards. The Court therefore declines to issue a certificate of appealability. Griffin may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See* Fed. R. App. P. 22(b); *Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## CONCLUSION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus will be DISMISSED and DENIED. The Court declines to issue a certificate of appealability. A separate Order shall issue.

Date: August 24, 2020      /s/ *Theodore D. Chuang*
THEODORE D. CHUANG
United States District Judge